**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Rose Eakerns, | No. CIV 06-3009-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Kingman Regional Medical Center, | |
| Defendant. | |

On May 7, 2007, the Court held a telephonic discovery dispute conference to address two issues. The first pertained to Plaintiff's request for an e-mail communication between attorneys involved in the representation of Defendant. The second pertained to Plaintiff's desire to interview *ex parte* a former employee of Defendant. The Court orally denied Plaintiff's request as to the *ex parte* interview. As to the e-mail communication, the Court reviewed the cases cited by both parties and has reached the following conclusion.

At issue is an e-mail communication between two attorneys at the law firm representing Defendant. Defendant contacted the law firm to discuss an employment matter related to the events at issue in this case. Defendant attempted to reach Attorney A, who was not available. Defendant then spoke with Attorney B, who also practiced employment law. After the conversation, Attorney B sent an e-mail to Attorney A which recited the content of a conversation between Attorney B and Defendant. Attorney B also followed up via letter with Defendant to memorialize their conversation and Attorney B's advice. Defendant has

1   produced the letter to Plaintiff and another document related to Attorney B's advice, but has

2   not produced the e-mail to Attorney A.

3        Plaintiff contends that Defendant has waived attorney-client privilege by asserting an

4   advice-of-counsel defense in this matter.  For purposes of this discovery dispute, Defendant

5   does not deny that an advice-of-counsel defense has been raised.  However, Defendant

6   contends that the e-mail constitutes work product, a protection which has not been waived.

7    Defendant further contends that Plaintiff has received the substantial equivalent of the e-mail

8   by virtue of the other documents which have been turned over.  Plaintiff counters that the e-

9   mail is nonetheless discoverable because the contents are at issue and Plaintiff has a

10  compelling need for the e-mail.

11       The work product doctrine was first articulated by the Supreme Court in <u>Hickman v.</u>

12  <u>Taylor</u>, 329 U.S. 495 (1947), and has been substantially codified by Federal Rule of Civil

13  Procedure 26(b)(3):

14          Ordinarily, a party may not discover documents and tangible things
            that are prepared in anticipation of litigation or for trial by or for another
15          party or its representative . . . .  But, subject to Rule 26(b)(1), those materials
            may be discovered if: . . . the party shows that it has substantial need for the
16          materials to prepare its case and cannot, without undue hardship, obtain their
            substantial equivalent by other means.
17

18  Fed. R. Civ. P. 26(b)(3)(A).  A court ordering discovery of work product materials must

19  protect against "mental impressions, conclusions, opinions, or legal theories of a party's

20  attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). This

21  latter form of work product is referred to as "opinion work product," and requires a showing

22  beyond the substantial need or undue hardship test required for non-opinion work product.

23  <u>Holmgren v. State Farm Mut. Auto. Ins. Co.</u>, 976 F.2d 573, 577 (9th Cir. 1992).  Thus,

24  opinion work product may be discovered and admitted when mental impressions are at issue

25  in a case and the need for the material is compelling.  <u>Id.</u>

26  //

27  //

28

1   Plaintiff contends that she has a compelling need for the e-mail because witnesses who
2   have been deposed have not been able to remember the contents of the conversation, and
3   their testimony has relied on the other documents provided.  Without the e-mail, Plaintiff will
4   not be able to test the credibility of Defendant's witnesses.

5   The Court finds that disclosure of the e-mail in question is not warranted because
6   Plaintiff has not shown the requisite level of need for either opinion or non-opinion work
7   product.  Defendant has provided the "substantial equivalent" of the e-mail by turning over
8   the letter sent to Defendant by Attorney B.  <u>Cf.</u> Fed. R. Civ. P. 26(b)(3)(A).  Thus the
9   information—Attorney B's advice to Defendant—is "available elsewhere." <u>Holmgren</u>, 976
10  F.2d at 577.  In addition, the testimony of witnesses deposed to date has been consistent with
11  the documents provided.  In light of the existing disclosures, the Court will not require
12  Defendant to disclose an internal communication between attorneys that was never
13  communicated to the client (Defendant).

14  Accordingly,

15  **IT IS HEREBY ORDERED** denying Plaintiff's request for production of the e-mail
16  in question.

17  DATED this 7th day of May, 2008.

18

19

20  Stephen M. McNamee
    United States District Judge

21

22

23

24

25

26

27

28

- 3 -